THE STATE OF OHIO, *v.* PAGLIA.

(Nos. 79-CR-B-117, 79-TR-C-589 and 79-TR-D-979
—Decided June 26, 1979.)

Belmont County Court, Western Division.

*Mr. Edward G. Sustersic,* prosecuting attorney, and *Mr. James L. Nichelson,* for plaintiff.
*Messrs. Lancione, Lancione, Lancione & Hanson* and *Mr. Rodney D. Hanson,* for defendant.

WHITE, J.   This matter is before the court on the motion of defendant to dismiss the charges against him of driving while under the influence of alcohol (Case No. 79-TR-C-589) and resisting arrest (Case No. 79-CR-B-117); defendant has further filed a petition seeking relief from a suspension of his

driving privileges by the Registrar of Motor Vehicles under R. C. 4511.191 (Case No. 79-TR-D-979).

An evidentiary hearing on all these matters was held before the court on June 5, 1979. The findings of fact and conclusions of law thereon will be discussed separately.

## I. *Driving While Under the Influence*

Defendant was arrested on April 8, 1979, by Ohio State Highway Patrol Trooper J. M. Metz. The time of arrest cannot be specifically established. Trooper Metz testified that the time of arrest was 4:10 A.M. as he noted on the traffic citation; however, he certified on the accident report that he arrived at the scene at 4:17 A.M.

Furthermore, the radio log of the patrol dispatcher for that evening reveals that the officer did not leave the post until 4:11 A.M.; that at 4:17 A.M. the license registration of the vehicle was being established as belonging to defendant; and that the daily summary sheet reveals that at 4:17 A.M. the officer was enroute to the post with defendant.

By his own admission, the trooper last traversed the area of the arrest on patrol at approximately midnight. He did not see defendant operate the vehicle. He testified that he found the defendant off the road; sitting behind the wheel of his car; with the lights on and the motor running. He surmised that an accident had occurred at approximately 3:00 A.M.

The officer testified that he had no knowledge of defendant's condition while operating the vehicle. He had no actual knowledge of when defendant had in fact operated the vehicle other than by the admission of defendant, shortly after midnight.

The trooper arrested defendant on the basis of his observation that defendant had a strong odor of alcohol about him; that he was swaying; and that he had been involved in an accident. No psychomotor tests were performed at the scene, nor later at the post.

The trooper testified that he believed the standard necessary to warrant an arrest under R. C. 4511.19 was "physical control" of the vehicle, rather than "operation" of the vehicle.

The conclusion of this court reached in State v. *Byrum* (1979), Case No. 78-TR-C-336, unreported, controls this case.

The decision in *Byrum* followed the principle set forth in *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140, that the element of chronology is crucial in driving while under the influence cases, and that a relationship must be established to show the evidence of intoxicants and the time of operating a motor vehicle.

Such a relationship has not been established in this case. By the admission of the arresting officer he did not know of defendant's condition at the time the officer believed the vehicle to have been driven; he had not traversed the area of driving for approximately four hours prior to the arrest; and the defendant's admission of driving was not related in time to the arrest or the surmised driving time.

The exception to the view requirement for misdemeanor arrests as set forth in *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271, is not applicable here. As in *Byrum, supra,* the chronology of events precludes a basis for determining that the arresting officer had a reasonable basis to conclude that the defendant was under the influence of alcohol at the time he operated the vehicle. The reasonableness of any such conclusion by the arresting officer is further clouded by such officers mistaken understanding of the standard to be applied in the arrest—"operating" rather than "physical control" of the vehicle.

Therefore, the defendant's motion to dismiss in Case No. 79-TR-C-589 will be granted.

## II. *Refusal to Take the Chemical Test*

On a petition for relief from an administrative suspension of driving privileges under R. C. 4511.191, one of the elements to be considered is whether the arresting officer had reasonable grounds to believe that the petitioner had been driving a motor vehicle while under the influence of alcohol.

The findings of the court in Section I above are applicable here and lead to the conclusion that such reasonable grounds did not exist.

## III. *Resisting Arrest*

Defendant is further charged with resisting his arrest in this incident, Case No. 79-CR-B-117. The "resistance" was holding on to a handrail in the post and refusing to be removed to the county jail until forcibly removed.

R. C. 2921.33 specifically refers to a "lawful" arrest. This does not require that the defendant be proved guilty of the offense for which he is arrested, but it does require that the arresting officer have probable cause to believe that defendant's conduct for which the arrest was made amounted to an offense, *Coffel* v. *Taylor* (D.C.S.D. Ohio 1978), 8 Ohio Op. 3d 253.

Since the court has already determined that defendant's arrest herein was without a reasonable basis, this interpretation of the statute requires a dismissal of the charge, in light of the fact that no conduct of the defendant in resisting his arrest constituted a separate offense, particularly through the use of force.

### Conclusion

The defendant's motion to dismiss in Case No. 79-TR-C-589 is granted.

The defendant's motion to dismiss in Case No. 79-CR-B-117 is granted.

The defendant's petition in Case No. 79-TR-D-979 is granted.

*Judgment accordingly.*