CITY OF WARREN, Appellee,

v.

PATRONE, Appellant.

[Cite as *Warren v. Patrone* (1991), 75 Ohio App.3d 595.]

Court of Appeals of Ohio,
Trumbull County.

No. 89-T-4277.

Decided Aug. 19, 1991.

*Stanley Elkins, City Prosecutor,* for appellee.
*Stewart Mandel,* for appellant.

---

JOSEPH E. MAHONEY, Judge.

Defendant-appellant, Anthony Patrone, appeals his conviction of disorderly conduct and resisting arrest. The disorderly conduct charge arose from a confrontation between appellant and Amy Giovannone, a parking monitor for the Warren Police Department.

While there is some dispute concerning the precise actions of appellant, it appears that he approached Giovannone at approximately 10:00 a.m. on April 27, 1989. Appellant informed the officer that he had something to show her, and the officer requested appellant to "leave her alone." Appellant departed, and a second confrontation occurred at 12:15 p.m. on April 27. Appellant stood in front of the officer and either threw or placed a parking ticket near the officer. Appellant then stated, "Here, this is what people think of your asshole tickets, asshole." Shortly thereafter, appellant walked away from Giovannone.

The next day uniformed police officers, Sgt. Jack Silbaugh and Sgt. Larry Montecalvo, approached appellant and advised him that they had a warrant for his arrest. One of the officers testified that appellant stated, "I'm not going anywhere." Then appellant began to leave the scene, and the officers grabbed and handcuffed him. Appellant was charged with persistent disorderly conduct and resisting arrest, and the trial court found appellant guilty on both counts. Appellant has filed a timely appeal, raising the following assignments of error:

"1. Warren City Ordinance 509.03 is unconstitutional as applied to the Defendant–Appellant. The evidence produced herein cannot sustain a conviction, and the verdict is against the weight of the evidence.

"2. Where a 'lawful arrest' is a requisite element under Ohio Revised Code Section 2921.33, resisting arrest, the trial court erred in overruling the motion for acquittal by Appellant."

Under the first assignment of error, appellant contends that the words spoken must be "fighting words" in order to convict him of disorderly conduct. Appellant further maintains that the testimony of Giovannone negates the finding of "fighting words," as she testified that appellant's language did not cause her to react violently and, therefore, his conviction is against the manifest weight of the evidence.

Section 509.03 of the Warren Codified Ordinances, which defines the offense of disorderly conduct, is substantially the same as R.C. 2917.11, except for the additional language of Section 509.03(a)(2), " * * * which by its very utterance of usage inflicts injury or tends to incite an immediate breach of the peace." This additional language merely incorporates the "fighting words" requirement of *State v. Wylie* (1984), 19 Ohio App.3d 180, 182, 19 OBR 287, 290, 482 N.E.2d 1301, 1304, which states:

"In order to support a conviction for disorderly conduct pursuant to R.C. 2917.11(A)(2), the words spoken must be the equivalent of 'fighting words.' "

An objective standard, not a subjective one, is used to determine whether the words spoken are fighting words. *Cincinnati v. Karlan* (1973), 35 Ohio St.2d 34, 43, 64 O.O.2d 20, 24, 298 N.E.2d 573, 578.

In *State v. Johnson* (1982), 6 Ohio App.3d 56, 57, 6 OBR 268, 269, 453 N.E.2d 1101, 1103 (quoting *Coffel v. Taylor* [S.D.Ohio 1978], 8 O.O.3d 253), the court stated:

" ' * * * There is no constitutional requirement that [the arresting officer] in fact be inconvenienced, annoyed or alarmed. Nor need he personally be provoked to a violent response. His subjective feelings are immaterial. The question is whether, under the circumstances, it is probable that a reasonable police officer would find her language and conduct annoying or alarming and would be provoked to want to respond violently. * * * ' "

*State v. Johnson, supra,* does not create a higher standard than a reasonable person, that being a reasonable police officer. Therefore, the issue before this court is whether, under the circumstances, a reasonable person would find appellant's language and conduct annoying or alarming and would be provoked to immediately breach the peace. See, also, *State v. Hoffman* (1979), 57 Ohio St.2d 129, 11 O.O.3d 298, 387 N.E.2d 239.

The record demonstrates that appellant approached Giovannone with the parking ticket of a third person. He then crumpled the ticket, threw it at the officer and, from a distance of only a few inches, stated, "Here's what people think of your asshole tickets, asshole." Upon cross-examination, Giovannone admitted that these remarks did not cause her to hit appellant or otherwise respond violently as his remarks were not of that nature.

We find that under these circumstances a reasonable person would not have been provoked to an immediate breach of the peace just as Officer Giovannone was not provoked to an immediate breach of the peace. See *State v. Miller* (Feb. 27, 1987), Lucas App. No. L–86–281, unreported, 1987 WL 7067; *Middletown v. Ramsey* (Sept. 19, 1988), Butler App. No. CA 87–11–149, unreported, 1988 WL 96622.

■ The trial court found appellant guilty of persistent disorderly conduct, that appellant continued to act in a disorderly manner after being reasonably warned or requested to desist. *Niles v. Kostur* (Dec. 15, 1990), Trumbull App. No. 89–T–4318, unreported, at pages 6 and 7 of the opinion, 1990 WL 208838, states:

" * * * In order to persist in disorderly conduct, the offender must be actively conducting himself in a disorderly manner, and after being warned or requested to desist, the offender continues the offensive behavior. See *New*

*Lebanon v. Cobb* (May 19, 1989), Montgomery App. No. 11026, unreported [1989 WL 52887]. * * * "

The only evidence presented on the issue of a reasonable warning was that Giovannone asked appellant to leave her alone. The request occurred two hours prior to the incident which resulted in appellant's arrest. Persistence results in transforming a minor misdemeanor to a fourth degree misdemeanor, and, while this case is much closer to persistence than *Kostur, supra,* there is insufficient evidence to find that appellant failed to desist after a reasonable warning.

Thus, under the circumstances in the instant case, we conclude that the trial court erred in finding that appellant's conduct violated the ordinance prohibiting disorderly conduct. As such, appellant's assignment of error has merit.

In appellant's second assignment of error, he contends that the trial court erred in overruling his motion for acquittal. Appellant submits a two-pronged argument in support of the second assignment of error. He contends that his arrest was unlawful since a crucial element of the offense of resisting arrest, namely, a lawful arrest, is absent, and he contends that his conduct did not amount to resisting arrest.

■ Appellant relies upon the officer's testimony that she was not provoked and argues that, therefore, there were no "fighting words" to uphold his conviction for disorderly conduct. Appellant states that, since he could not be convicted of the underlying charge, he should be acquitted of resisting arrest for there was no lawful arrest.

Appellant's contention that he must be convicted of the charge in order for a "lawful" arrest to exist is incorrect. In *State v. Paglia* (C.P.1979), 62 Ohio Misc. 7, 16 O.O.3d 228, 403 N.E.2d 1216, the court stated:

"R.C. 2921.33 specifically refers to a 'lawful' arrest. This does not require that the defendant be proved guilty of the offense for which he is arrested, but it does require that the arresting officer have probable cause to believe that defendant's conduct for which the arrest was made amounted to an offense. *Coffel v. Taylor* (D.C.S.D.Ohio 1978), 8 Ohio Op.3d 253." *Id.,* 62 Ohio Misc. at 10, 16 O.O.3d at 229, 403 N.E.2d at 1218.

The officers in the instant case were issued a warrant for appellant's arrest on the charge of disorderly conduct, and this document adequately provides sufficient probable cause to make a "lawful" arrest, regardless of the ultimate judicial sentence. Thus, this prong of appellant's argument is not well taken.

■ The other argument is that appellant did not resist arrest. This argument has merit.

The resisting arrest charge results from appellant stating, "I'm not going anywhere" when presented with the warrant for his arrest. Officer Montecalvo testified that appellant then attempted to go back into the Administration Building. Appellant testified that he was working as a maintenance man for the county, and he wanted to go lock up the building before he was arrested since he was the only one working. However, Montecalvo grabbed the appellant and, along with Officer Silbaugh, handcuffed him and brought him to the station. There was no evidence that appellant struggled or resisted being handcuffed or otherwise, recklessly or by force, interfered with his arrest.

R.C. 2921.33, upon which Section 525.09 of the Warren Codified Ordinance is modeled, states:

"(A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of himself or another.

"(B) Whoever violates this section is guilty of resisting arrest, a misdemeanor of the second degree."

We find that merely stating, "I'm not going anywhere" or "I won't go with you" and attempting to walk away does not constitute resisting arrest under R.C. 2921.33 or Ordinance 525.09, since there is no reckless or forceful resistance or interference with the arrest. The evidence shows that upon being grabbed, appellant, peacefully and without resistance or interference, submitted to being handcuffed and transported to the police station.

Accordingly, appellant's second assignment of error is well taken.

Based on the foregoing, the judgment of the trial court is reversed and judgment is entered for appellant.

*Judgment reversed.*

Cox and HOFSTETTER, JJ., concur.

EDWARD A. Cox, J., of the Seventh Appellate District, sitting by assignment.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.