OPINION
Appellant, John T. Namey, appeals from the judgment of conviction and imposition of sentence by the Ashtabula County Court of Common Pleas entered upon a jury verdict finding him guilty of resisting arrest. For the reasons that follow, we affirm the judgment of the trial court.
During the early evening hours of March 13, 1998, Officer Steven Terry ("Officer Terry") of the Jefferson Village Police Department was dispatched to the Jefferson Community Center to investigate a possible assault. After taking the statements of several people at the community center, Officer Terry learned that appellant may have been involved in the altercation. Accordingly, Officer Terry, who knew appellant, entered his patrol car and drove across the street to appellant's home.
What happened next was in dispute at trial. Officer Terry, who was in uniform on the day of the incident, testified that while pulling into appellant's driveway, he observed appellant walking from his garage to the back door of his home. When he saw appellant, Officer Terry told him that he needed to speak with him. After receiving no response, Officer Terry exited his patrol car and once more told appellant that he needed to ask him some questions about the incident at the community center. Appellant told the officer that he did not have anything to say and proceeded toward the house's back door.
Officer Terry followed appellant around the house and placed himself between appellant and the rear door. There, he again told appellant that he needed to speak with him. Appellant refused, telling the officer that he just wanted to go inside. Because of appellant's continued obstinance, Officer Terry told appellant that if he did not cooperate, he would place him under arrest. In response, appellant grabbed Officer Terry's jacket and shoved him against the back door, knocking the wind out of him. Appellant then proceeded to put his key in the lock in an effort to enter his home.
Officer Terry grabbed appellant and rolled him away from the door. He informed appellant that he was under arrest for assaulting a police officer and radioed for help. Officer Gary Nelson ("Officer Nelson"), who was at the community center, responded to Officer Terry's request. When Officer Nelson arrived at the rear of appellant's home, the two officers took appellant to the ground to effectuate the arrest.
Appellant was very combative and continued to fight the officers' effort to place him in handcuffs. Officer Terry warned appellant that if he did not calm down mace would be used to subdue him. Appellant refused to comply, and as a result, Officer Terry sprayed him in the face with mace. This first shot of mace had no immediate effect on appellant so Officer Terry once again called for assistance and reapplied mace to appellant's face. Eventually, three more uniformed police officers arrived on the scene to help get appellant handcuffed. In total, Officer Terry testified that it took approximately ten minutes to finally gain control of appellant and place him under arrest.
Appellant testified on his own behalf at trial and related a quite different version of that night's events. He testified that he had never heard Officer Terry call out to him from the driveway. Rather, appellant claimed that while he was trying to unlock his back door, he was confronted by an unknown person who was being extremely belligerent. According to appellant, the unknown person subsequently attacked him, knocking him to the ground. While on the ground, appellant testified that he was sprayed with mace and hit on the back of the head, which caused him to momentarily black out. Appellant told the jury that he did not know the alleged assailants were police officers until he was handcuffed.
On April 8, 1998, appellant was indicted by the Ashtabula County Grand Jury on one count of assault in violation of R.C. 2903.13(A). In a separate proceeding, appellant was charged with resisting arrest in violation R.C. 2921.33. He pled not guilty to both charges and the cases were consolidated for trial.
Appellant's jury trial began on September 29, 1998 and ended on October 2, 1998. At the conclusion of the state's case, appellant made a motion for acquittal which was denied by the trial court. Appellant made a similar motion at the end of his case-in-chief. The trial court also denied this motion. After deliberating, the jury returned a verdict of not guilty with respect to the assault charge. However, appellant was found guilty of resisting arrest. A judgment entry memorializing the jury's verdict was filed on October 5, 1998.
On October 13, 1998, appellant filed with the trial court a written motion for acquittal in which he argued that because he was acquitted of the underlying charge, i.e., assault, the state failed to prove an essential element of resisting arrest. The state filed a brief in opposition, and a hearing on the matter was held on November 5, 1998. The trial court denied appellant's motion on November 13, 1998.
Appellant was sentenced by the trial court on December 21, 1998. From this judgment, appellant filed a timely notice of appeal. He now asserts the following three assignments of error for our consideration:
 "[1.] The trial court committed prejudicial error as a matter of law in not entering a judgment of acquittal on the charge of resisting arrest because there was no reasonable basis to support the lawfulness of the underlying charge of assault.
 "[2.] It was error for the trial court to admit testimony of an investigation for prior criminal conduct similar to the charges being tried without informing the jury that the Defendant had been acquitted of [the] charges relating to said conduct.
 "[3.] The court erred in accepting the jury's verdict of guilty of resisting arrest since it was against the weight of the evidence."
 In his first assignment of error, appellant argues that the trial court erred in denying his Crim.R. 29 motions for acquittal because there was no lawful arrest. He maintains that not only was Officer Terry not seriously injured by the shove, appellant was only using the force necessary to continue into his home to avoid the verbal badgering of the officer.
Likewise, in his third assignment of error, appellant claims that the jury's verdict was against the manifest weight of the evidence because no rational trier of fact could have found that the state proved beyond a reasonable doubt that appellant knowingly harmed or attempted to harm Officer Terry, or that the underlying arrest was supported by probable cause. Moreover, appellant maintains that the testimony of Officer Terry was unsupported by the other officers' testimony at trial and, in addition, was contradicted by appellant. Because these assignments of error involve similar issues, they will be considered in a consolidated fashion.
Under Crim.R. 29, the trial court "shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. Accordingly, a motion for judgment of acquittal under Crim.R. 29 should be granted only where the evidence is insufficient to sustain a conviction. State v. Apanovitch (1987),33 Ohio St.3d 19, 23. Thus, an appellate court must apply the same standard in reviewing a denial of a motion for acquittal as if it were Creviewing a challenge to the sufficiency of the evidence.
When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average juror of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307. See, also, State v.Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 16, 1994 Ohio App. LEXIS 5862.
On the other hand, when reviewing a claim that the judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. Statev. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v.Thompkins (1997), 78 Ohio St.3d 380, 387; State v. Duong (Dec. 11, 1998), Trumbull App. No. 98-T-0026, unreported, at 4, 1998 Ohio App. LEXIS 5999;Schlee at 14-15.
"[T]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph two of the syllabus.
To convict appellant of resisting arrest, the state was required to prove that appellant, recklessly or by means of force, resisted a lawful arrest. R.C. 2921.33(A). Thus, under the plain language of the statute, a lawful arrest is an element of the crime. State v. Campana (1996),112 Ohio App.3d 297, 302; State v. Hendren (1996), 110 Ohio App.3d 496,498; Warren v. Patrone (1991), 75 Ohio App.3d 595, 599. All that is required is that the arresting officer have probable cause to believe that the defendant's conduct for which the arrest was made amounted to an offense. Patrone at 599. The state does not have to prove the accused guilty of the offense for which he was arrested. Id.
Probable cause to arrest exists if reasonable trustworthy facts and circumstances within the officer's knowledge would warrant a prudent person to believe that the suspect had committed Cor was committing an offense. Beck v. Ohio (1964), 379 U.S. 89. See, also, State v. Whetro
(Sept. 4, 1998), Ashtabula App. No. 97-A-0020, unreported, at 10, 1998 Ohio App. LEXIS 4167. Establishing probable cause is a significantly lower threshold than proving guilt beyond a reasonable doubt.
Before addressing the merits of appellant's position, we would like to briefly comment on an issue that was not raised by either party. That is, whether or not Officer Terry properly detained appellant in the first place to question him about the incident at the community center.
In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court held that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." However, when making such a stop, the police officer "must be able to point to Cspecific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. State v. Andrews
(1991), 57 Ohio St.3d 86, 87-88. Absent any basis for suspecting that an individual is acting in a criminal manner, the balance between the public interest in crime prevention and the individual's right to privacy tilts in favor of freedom from public interference. State v. Bucci (Dec. 23, 1999), Ashtabula App. No. 98-A-0050, unreported, at 9-10, 1999 Ohio App. LEXIS 6228, citing Brown v. Texas (1979), 443 U.S. 47, 52.
In the case at bar, Officer Terry had sufficient reason, based on the statements he had received at the community center, to briefly detain appellant in an effort to ascertain whether or not he had been involved in the alleged assault. This detention however, would have been limited in scope, and last only long enough to affirm or dispel his initial suspicions.[1] Thus, Officer Terry was well within his authority when he tried to stop appellant and question him.
Having said that, we now turn to the merits of appellant's appeal. Appellant argues that he "passively" shoved Officer Terry out of his way because he felt that he had the right to continue into his home. He maintains that such "passive resistance" was privileged conduct and did not provide a reasonable basis for the jury to believe that he committed an assault. As a result, appellant claims that he was entitled to an acquittal on the resisting arrest charge because there was no lawful arrest. We disagree.
As we stated above, when determining the lawfulness of an arrest, the elements of the underlying offense need not be proven beyond a reasonable doubt. In other words, conduct that does not arise to guilt beyond a reasonable doubt, nevertheless, may supply the arresting officer with probable cause for the arrest.
Here, Officer Terry's testimony, if believed, supported a finding of probable cause that appellant had committed an assault upon a police officer. According to Officer Terry, appellant forcefully grabbed him by his jacket and pushed him against the back door.[2] This push was sufficient to knock the wind out of Officer Terry and to cause the officer to hit his head. Although the injuries were not serious in nature, they were sufficient to satisfy the definition of physical harm as that term is defined in R.C. 2901.01(A)(3).[3]
Moreover, appellant does not dispute that he intentionally grabbed Officer Terry and pushed him against the back door. Rather, he argues that Officer Terry provoked his actions by trying to force appellant to answer questions, and by refusing to allow him entry into his home, even though appellant believed he had a the right to ignore the officer's demands. While there may have been a more prudent course of action, a point we need not decide, that fact alone does not justify appellant's conduct. A police officer has the authority to approach and detain a person for purposes of investigating possible criminal behavior if the officer's decision is supported by a reasonable suspicion that the targeted person is somehow involved. Terry, supra.
As previously indicated, reasonable suspicion certainly existed in relation to the incident at the community center. Thus, Officer Terry had the authority to stop and detain appellant for questioning.
As a result, Officer Terry's insistence upon talking to appellant did not justify the use of physical force by appellant to avoid the situation. By forcefully grabbing Officer Terry and slamming the officer against the door, appellant committed an unlawful act. Without question, Officer Terry could have reasonably believed he had been illegally assaulted. This is the conduct that gave rise to the subsequent assault charge underlying the resisting arrest conviction.
Based on our review of the record, this court concludes that the state offered sufficient evidence to support each of the essential elements of resisting arrest, despite the acquittal on the assault charge. As a result, the trial court did not abuse its discretion in denying appellant's motions for acquittal. Appellant's first assignment of error is without merit.
As for appellant's argument that the jury's verdict was against the manifest weight of the evidence, after reviewing the entire record and weighing the evidence presented along with all reasonable inferences, and considering the credibility of the witnesses, we conclude that the jury did not lose its way or create a manifest miscarriage of justice in connection with appellant's conviction for resisting arrest. The weight of much of the testimony presented rested on the credibility of the witnesses. However, the credibility of the witnesses, both that of appellant's and Officer Terry, were critical issues for the jury to decide. This court will not disturb those findings on appeal unless the testimony in question was completely lacking in credibility.
Furthermore, while there was evidence favorable to appellant, part of this evidence was controverted by the testimony of Officer Terry. Nevertheless, it is apparent that the jury believed at least a portion of appellant's testimony when it acquitted him of assault. As we have already discussed, however, the fact that appellant was found not guilty of the offense underlying the resisting arrest charge, does not automatically absolve him of any wrongdoing. Therefore, appellant's third assignment of error is also without merit.
In his second assignment of error, appellant argues that the trial court erred when it allowed the state to introduce evidence of other crimes allegedly committed by appellant without allowing appellant to inform the jury that he had been acquitted of those alleged crimes. Specifically, appellant is referring to several instances where Officer Terry testified that he had gone to appellant's house to question him about a possible assault that occurred at the community center. Appellant believes that such information was highly prejudicial, and as result, the jury should have been informed that appellant had been acquitted of the charges at an earlier trial.
Prior to his trial for assault and resisting arrest, appellant was charged, tried and acquitted of three offenses relating to the incident at the community center. Thus, appellant's attorney asked the court in the subsequent trial to allow appellant to inform the jury that he had been acquitted of those charges if, and when, the state introduced evidence of appellant's arrest. The state objected to this request.
Treating the matter as a motion in limine, the trial court prohibited the parties from referring to the incident at the community center during opening statements. The trial court further instructed the parties to "[w]ait until the evidence comes in, see what these police officers say, then we'll make a determination as to what the defense might be permitted to do."
During Officer Terry's direct examination, he testified several times that the reason he went to talk with appellant was to question him about the incident at the community center. However, appellant failed to object to this testimony. The failure to object at trial amounts to a waiver of the alleged error for purposes of appeal. State v. Babcock (Aug. 27, 1999), Geauga App. No. 98-G-2144, unreported, at 7, 1999 WL 689939. See, also, Crim.R. 12(G). Thus, appellant has failed to properly preserve this alleged error for our review. Appellant's second assignment of error is without merit.
For the forgoing reasons, appellant's assignments of error are without merit. The judgment of the trial court is affirmed.
 ________________________________________ JUDITH A. CHRISTLEY, PRESIDING JUDGE
NADER, J., O'NEILL, J., concur.
[1] The fact that Officer Terry entered onto private property to question appellant is immaterial because "police officers are privileged to go upon private property when in the proper exercise of their duties[.] * * *" State v. Hart (Dec. 23, 1997), Athens App. No. 97CA18, unreported, fn. 8, 1997 Ohio App. LEXIS 5994. "[M]ere technical trespasses do not give rise to a Fourth Amendment violation." Id. In fact, there is no evidence in the record that appellant ever asked Officer Terry to vacate the premises.
[2] It is only this conduct which is at issue in the instant appeal. Appellant's later actions after he was taken to the ground relate only to the resisting arrest charge and have no bearing on the initial validity of the arrest.
[3] R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."