DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Oregon Municipal Court which, following a trial to the court, found appellant, Jamie Fox, guilty of violating the peace. In sentencing appellant, the trial court ordered appellant to execute a peace bond in the amount of $1,000, for a period of six months, qualifications waived; enjoined appellant from having contact with the complainant; and ordered appellant not to go on the complainant's property. For the reasons that follow, we affirm the decision of the trial court.
Appellant raises the following assignments of error on appeal:
"ASSIGNMENT OF ERROR NUMBER ONE
 "THE VERDICT IN THIS CASE WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE (OR ALTERNATELY THERE WAS INSUFFICIENT EVIDENCE TO CONVICT APPELLANT)
"ASSIGNMENT OF ERROR NUMBER TWO
 "THERE WAS INSUFFICIENT EVIDENCE TO FIND THE DEFENDANT GUILTY OF VIOLATING ORC SECTION 2933.02
"ASSIGNMENT OF ERROR NUMBER THREE
 "THE STATUTES UNDER WHICH APPELLANT WAS CHARGED, AND THE CHARGED CONDUCT OF APPELLANT INVOLVED IN ALL CASES SUBJECT OF THIS APPEAL ARE CONSTITUTIONALLY UNENFORCEABLE.
"ASSIGNMENT OF ERROR NUMBER FOUR
 "THE COURT ERRED BY PERMITTING TESTIMONY AS TO EVENTS BETWEEN APPELLANT AND APPELLEE CONSIDERABLY PREDATING THE ALLEGED VIOLATIONS."
Appellant argues in his first and second assignments of error that the evidence was insufficient to convict appellant and was against the manifest weight of the evidence. Sufficiency of the evidence and manifest weight of the evidence are quantitatively and qualitatively different legal concepts. State v. Thompkins (1997), 78 Ohio St.3d 380,386. "Sufficiency" applies to a question of law as to whether the evidence is legally adequate to support a verdict as to all elements of a crime. Id. In making this determination, an appellate court must determine whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Whereas, under a manifest weight standard, an appellate court sits as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony. Thompkins at 387. The appellate court,
"`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id., quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant was convicted of violating R.C. 2933.02, which states:
"When a complaint is made in writing and upon oath, filed with a municipal or county court or a mayor sitting as the judge of a mayor's court, and states that the complainant has just cause to fear and fears that another individual will commit an offense against the person or property of the complainant or his ward or child, a municipal or county court judge or mayor shall issue to the sheriff or to any other appropriate peace officer, as defined in section 2935.01 of the Revised Code, within the territorial jurisdiction of the court, a warrant in the name of the state that commands him forthwith to arrest and take the individual complained of before the court to answer the complaint."
Appellant claims that the evidence was insufficient to convict him because the city failed to prove that the claimant had just cause to fear that appellant would commit an offense against the complainant, his property, or his ward or child. We disagree that this element of the offense was not proven beyond a reasonable doubt.
Complainant testified that appellant entered the complainant's home without knocking and demanded to see complainant's wife (appellant's sister). Based on appellant's behavior, complainant realized that appellant was intoxicated. Appellant proceeded to take a beer out of the refrigerator without permission. Complainant testified that he took the beer from appellant, returned it to the refrigerator and told appellant that he was not permitted to drink beer in his house. According to complainant, appellant was "belligerent and threatening" and took the beer back out of the refrigerator and opened it. Complainant testified that he again took the beer from appellant and stated, "What would you do if you were in my place?" At this, appellant threatened complainant and stated that he would "F" him up. At that point, complainant asked appellant to leave and went to the front door. Appellant attempted to twist complainant's thumb and tried to place complainant in a head lock; however, appellant was unable to do so because he was "kind of clumsy." Complainant then called the police. When asked whether he was concerned about the safety of his home and family, complainant stated that he had "asked [appellant] not to come over when he's drunk."
Appellant attempted to portray the exchange between him and his brother-in-law as just a joke. Appellant stated that he was just teasing his brother-in-law. Appellant also testified that he had been struggling with alcohol addiction for years.
In finding appellant guilty, the trial court stated the following:
"Grown men don't act and talk this way. Grown men don't walk into another person's house and use threatening language and say, yeah, I was just joking. Opening a refrigerator uninvited, taking objects out of the refrigerator, being told that wasn't appropriate in the house, insisting on doing it, and then grabbing the other person and using language which ordinary people would consider a threat. That's what we're looking at. What does an ordinary person have a right to believe when they're confronted by something like this? Was [complainant] right in being concerned at that time? Would a reasonable person be concerned?
"This Court finds the answer to be yes. A reasonable person would be very, very concerned. Very, very alarmed and concerned for the future, especially if there has been a track record of alcohol abuse and peculiar behavior throughout the years. * * *"
After reviewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Complainant testified that appellant was in complainant's home uninvited, threatened complainant, was intoxicated and belligerent, and used foul language. Any rational trier of fact could have concluded from this testimony, as the trial court did, that a reasonable person would be afraid, i.e. would be "very, very alarmed and concerned."
Accordingly, we find that there was sufficient evidence presented upon which the trial court could have relied to convict appellant of violating the peace. We also find that based upon the evidence presented in support of conviction, the trial court did not lose its way or create a manifest miscarriage of justice. As such, we additionally find that the trial court's finding was not against the manifest weight the evidence. Appellant's first and second assignments of error are therefore found not well-taken.
Appellant argues in his third assignment of error that R.C. 2933.02 is unconstitutionally vague and unenforceable insofar as the term "fear" is not defined and the "required degree" of fear is not identified. The laws of this state are presumed to be constitutional. R.C. 1.47. As such, the person challenging a statute has the burden of proving beyond a reasonable doubt that the statute contains a constitutional defect.State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, 147. We find that appellant has failed to prove that R.C. 2933.02 is unconstitutionally vague.
R.C. 1.42 states that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Although not defined, the term "fear" can easily be given effect through its ordinary meanings. With respect to the "degree" of fear required, we find that the trial court appropriately considered whether a reasonable person would be fearful under the same conditions. See Warren v. Patrone
(1991), 75 Ohio App.3d 595; and State v. Johnson (1982), 6 Ohio App.3d 56,57. This court finds that the statute at issue is not unconstitutionally vague. Appellant's third assignment of error is therefore found not well-taken.
Appellant asserts in his fourth assignment of error that the trial court erred by permitting testimony as to events between appellant and complainant which predated the alleged violation in this case. Insofar as appellant failed to object to this alleged line of questioning, all error is waived, but for plain error. State v. Underwood (1983),3 Ohio St.3d 12, syllabus. In order to establish plain error, appellant must show that but for the error, the outcome of the trial clearly would have been otherwise. State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus. We find that appellant failed to establish plain error. Appellant's ninth assignment of error is therefore found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Oregon Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.