OPINION
This appeal arises from the Lake County Court of Common Pleas wherein appellant, James A. Lorenzo, Jr., was found guilty of one count of assaulting a police officer, a felony of the fourth degree.
On June 24, 2000, appellant and his girlfriend, now his wife, were involved in an escalating argument at their home in Eastlake. At some point, appellant's girlfriend called his father to the home to intervene. Soon after appellant's father arrived, the two became engaged in a yelling and pushing match. Appellant's girlfriend then called the police to intervene in a pushing match between appellant and his father. Appellant and his father continued yelling and pushing each other until the police arrived a few minutes later.
Officer James Overstreet of the Eastlake Police Department was the first to arrive on the scene. Officer Overstreet testified that he was notified by the dispatcher there was "an altercation between a father and son, Mr. Lorenzo and Mr. Lorenzo, Jr.".
When Officer Overstreet arrived at the scene, appellant and his father were outside appellant's house, surrounded by appellant's girlfriend, their two young children and several neighbors. Officer Overstreet testified that appellant appeared to be intoxicated and was repeatedly screaming, "get this Mfer off my property!". The officer noticed that appellant's father had large abrasions on his face and forehead. The officer further testified that he attempted to defuse the situation by repeatedly instructing appellant to relax and calm down, but appellant continued to scream loudly. After further attempts to bring appellant under control were futile, Officer Overstreet gave a final warning to appellant that he should calm down or he would be arrested. Appellant answered, "Fuck you".
Officer Overstreet testified that he attempted to arrest appellant and initially was able to get a handcuff on appellant's left wrist before appellant pulled away from him. Overstreet then forced appellant against a van while he continued to resist arrest. Officer Overstreet testified that he then pulled out his pepper spray and showed it to appellant. He told appellant three different times that if he did not cooperate the officer would use the pepper spray. Officer Overstreet stated that even at this point appellant continued to struggle at which time he sprayed appellant with the pepper spray. As the officer attempted to get the second handcuff on appellant's right wrist, appellant pushed the officer back and struck him on the left side of his head, knocking Officer Overstreet's glasses off. Officer Overstreet again sprayed appellant with the pepper spray, at which point he was able to get appellant to the ground.
Moments after Officer Overstreet got the appellant to the ground, Officer Steven Tryon, also of the Eastlake Police Department, arrived on the scene. Officer Tryon testified that he could see Officer Overstreet on the ground struggling with the appellant and he could smell pepper spray. Officer Tryon then assisted in handcuffing appellant. He testified that appellant continued to struggle into the police cruiser. At that time Officer Tryon noticed a bleeding cut near Officer Overstreet's left eyebrow.
Appellant was transported to jail where his eyes were flushed with water to remove the pepper spray. Officer Overstreet was transported to Lake West Hospital for medical attention, where he was treated and released.
Appellant was charged with one count of assault on a police officer, a fourth degree felony. Appellant entered a plea of not guilty to the charge. The case proceeded to a jury trial on January 22, 2001, where appellant was found "guilty" of an assault on a police officer. Appellant was subsequently sentenced to three years of community control, subject to specific sanctions and conditions.
Appellant appeals his conviction, citing two assignments of error. Appellant's first assignment of error is:
 "The judgment is contrary to law because the state's evidence is constitutionally insufficient to support the verdict."
Appellant contends that his arrest was unlawful because it was based solely upon him saying "fuck you" to Officer Overstreet. Appellant argues that this is constitutionally protected free speech. Therefore, Officer Overstreet had no right to place him under arrest. Thus, appellant had the right to resist the unlawful arrest.
Appellant further contends that, since the arrest was allegedly unlawful, Officer Overstreet lost his status as a police officer and appellant could only be charged with assault. Moreover, appellant asserts the trial court erred in not granting appellant's Crim.R. 33 motion to modify the verdict, as the underlying misdemeanor assault was never tried with all its potential defenses.
Appellee argues that it was not appellant's language in and of itself but, rather, the totality of the circumstances encountered by Officer Overstreet which led to appellant's lawful arrest.
We hold that appellant was lawfully arrested and, as such, had no right to resist the arrest. Although the ultimate charge was assault on a police officer, Officer Overstreet testified at trial that his initial purpose for making the arrest was for disorderly conduct.
R.C. 2917.11, governing the offense of disorderly conduct, provides in pertinent part:
 "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
 "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person;
 "(3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response;
"* * *
 "(5) Creating a condition that is physically offensive to person or that presents a risk of physical harm to persons or property, by an act that serves no lawful and reasonable purpose of the offender.
 "(B) No person, while voluntarily intoxicated, shall do either of the following:
 "(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others;
 "(2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another.
"* * *
 "(D) If a person appears to an ordinary observer to be intoxicated, it is probable cause to believe that person is voluntarily intoxicated for purposes of division (B) of this section." (Emphasis added.)
This court has noted that:
 "There is no constitutional requirement that [the arresting officer] in fact be inconvenienced, annoyed or alarmed. Nor need he personally be provoked to a violent response. His subjective feelings are immaterial. The question is whether, under the circumstances, it is probable that a reasonable police officer would find [the] language and conduct annoying or alarming and would be provoked to want to respond violently." Warren v. Patrone (1991), 75 Ohio App.3d 595, 598, quoting State v. Johnson (1982), 6 Ohio App.3d 56, 57.
In the case sub judice, the testimony of Officer Overstreet adequately met this standard. He testified that he was advised by the dispatcher that the female caller stated, "the son was beating the father, the police better get there quick". Officer Overstreet also testified that when he arrived on the scene appellant "appeared to be intoxicated, he was yelling and screaming" and ordering his father off of his property. He also testified that he repeatedly asked appellant to calm down and he refused. He noted that several neighbors were standing outside of their houses watching the incident. The officer also noted appellant's father had red marks and abrasions on his face.
We find that, under these circumstances, a reasonable police officer would find this conduct annoying and alarming and that such behavior constituted disorderly conduct. Furthermore, after Officer Overstreet provided appellant with reasonable warnings to calm down, appellant then uttered "fuck you". Under these circumstances, this utterance cannot be deemed merely a personal insult towards Officer Overstreet. Rather, the words at issue could only have been interpreted to constitute a refusal to desist. In other words, the alleged "free speech" was, in fact, conduct well beyond First Amendment protection. Thus, the minor misdemeanor disorderly conduct offense became a fourth degree misdemeanor disorderly conduct offense.
R.C. 2917.11(E)(3) provides, in pertinent part:
 "(3) Disorderly conduct is a misdemeanor of the fourth degree if any of the following applies:
 "(a) The offender persists in disorderly conduct after reasonable warning or request to desist."
Therefore, once appellant communicated his refusal to heed Officer Overstreet's reasonable warnings, Officer Overstreet could then lawfully attempt to put appellant under arrest. Appellant's subsequent resistance, which led to appellant punching Officer Overstreet in the face, led to the charge of assault on a police officer.
As already noted, Officer Overstreet possessed the probable cause to make a valid arrest based on appellant's clear refusal to desist, and, as such, the trial court did not err in denying appellant's Crim.R. 33 motion to modify the verdict.
Appellant's first assignment of error is without merit.
Appellant's second assignment of error is:
 "The trial court erred in refusing the requested jury instructions on self-defense, right to resist unlawful arrest, and words alone will not support a disorderly conduct charge unless they are fighting words."
A reviewing court must utilize an abuse of discretion standard in determining whether the trial court erred in refusing to read an appellant's proposed instruction. State v. Goff, 82 Ohio St.3d 123,1998-Ohio-369.
It is well settled that a trial court must, in a full and complete manner, give the jury all instructions that are relevant and necessary to weigh the evidence and make its findings of fact. State v. Comen (1990),50 Ohio St.3d 206, 210. "In a criminal case, if requested special instructions to the jury are correct, pertinent, and timely presented, they must be included, at least in substance, in the general charge."State v. Guster (1981), 66 Ohio St.2d 266, 269.
In this case, we find the trial court did not abuse its discretion in refusing appellant's requested jury instructions concerning self defense and right to resist an unlawful arrest. As noted above, the record demonstrates that Officer Overstreet had probable cause to arrest appellant. An instruction on self-defense is only proper where the arrest has been unlawful. Thus, as the underlying arrest was lawful, a jury instruction on either the right to resist an unlawful arrest or on self defense was properly refused by the trial court.
Lastly, appellant's request for a jury instruction that asserts that words alone will not support a disorderly conduct charge, unless they are fighting words, is equally baseless. Officer Overstreet testified that he did not arrest appellant solely based on appellant's comment, but rather based on a totality of the underlying circumstances. Again, the record reveals that appellant's conduct and language clearly provided Officer Overstreet with the probable cause necessary to make the arrest.
Appellant's second assignment of error is without merit. The judgment of the lower court is affirmed.
JUDITH A. CHRISTLEY, P.J., ROBERT A. NADER, J., concur.