{¶ 36} While I concur with the majority's disposition of appellant's "four assignments of error," I wish to address more specifically appellant's sufficiency claim under his "first assignment." I agree that appellant's statements constitute fighting words and were, therefore, punishable under Kent Municipal Ordinance, section 509.03(a)(2).
 {¶ 37} However, this writer feels it is appropriate to embellish the majority's opinion with emphasis on the standard to be applied by controlling case law to such exercises of punishable speech. The Supreme Court of Ohio has made it clear that the test to be applied is an objective one. Here, appellant's argument regarding a failure of evidence would be a most persuasive one if the criterion were a subjective one in spite of the fact that his verbalization and conduct was absolutely abysmal and obnoxious.
 {¶ 38} Under the ordinance in question, the city was required to prove, beyond a reasonable doubt, that appellant recklessly caused:
 {¶ 39} "* * * inconvenience, annoyance or alarm to another, by doing any of the following:
 {¶ 40} "(2) Making unreasonable noise or offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person, which by its very utterance or usage inflicts injury or tends to incite an immediate breach of the peace[.]"
 {¶ 41} Here, Utt did not supply subjective testimony to the effect that she was injured or that she reached a point where she was about to retaliate in some manner due to appellant's provocative language. However, "[a]n objective standard, not a subjective one, is used to determine whether the words spoken are fighting words." Warren v. Patrone (1991), 75 Ohio App.3d 595,598, citing Cincinnati v. Karlan (1973), 35 Ohio St.2d 34, 43. "To ignore that `average person' touchstone and select the subjective standard * * * would only exacerbate existing perplexities in this currently sensitive and tumultuous area of constitutional law." Karlan, supra, at 43.
 {¶ 42} Thus, I agree with the majority that appellant's statements constitute fighting words prohibited by statute because they were spoken in public, were intentionally directed toward Utt, and were likely to incite the average person. Utt's failure to subjectively react does not eviscerate the fact that the city satisfied its burden of establishing the elements charged when measured on an objective basis considering the totality of the circumstances.
 {¶ 43} For the foregoing reasons, I concur with the majority.