**STATE ex GUTTER v HAWLEY et**

Ohio Appeals, 2nd District, Franklin County.

No. 3467. Decided June 19th, 1942.

Phil Gutter, Columbus, for himself; not represented by counsel.

Thomas J. Herbert, Columbus, Atty Gen., John P. Walsh, Columbus, Asst. Atty. Gen., for appellants.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of respondents' appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio. The relator's petition in the trial court was one in mandamus, seeking a court order rescinding respondents' revocation of a D-5 liquor permit belonging to relator, and further requiring that said D-5 permit be reinstated; that the unlawful revocation proceedings be set aside and relator restored to all his rights as permit holder and to all his former rights as the holder of the aforesaid D-5 permit.

Respondents filed answer, and thereafter the case was submitted upon the pleadings and a transcript of the evidence taken before the Liquor Control Board. The trial Court upon hearing granted a writ of mandamus as prayed for. The journal entry was dated January 30, 1942. Respondents' D-5 permit was issued January 1, 1941, for one year and expired January 1, 1942. In September, 1941, a complaint was filed against the relator in the following words and figures:

"That on August 23, 1941, you did suffer or permit your agent or employee, a waitress, to sell and serve intoxicating liquor, to wit, beer, to one Carl Pitts, said Carl Pitts then and there being in an intoxicated condition. Shortly thereafter, Police Officers did enter your said place of business and did place said Carl Pitts under arrest on a charge of intoxication; and on August 25, 1941, the said Carl Pitts did enter a plea of guilty to the charge of intoxication and was fined the sum of $5.00 and costs.

"Further, the operation of your permit premises is not up to standard in that on inspection of your permit premises on September 6, 1941, between the hours of 9:00 P. M. and midnight, waitresses were soliciting customers to purchase drinks and also one of the waitresses carried a small coin bank and begged customers for money. Further, one of your customers did accuse said waitress of taking some of his change and placing it in her bank; that as a result of such accusation, your bartender ejected the customer and threatened to kill him; during said argument a glass was thrown which did cut another customer—all contrary to the Ohio Liquor Control Act and the Regulations of the Ohio Board of Liquor Control."

On September 27, 1941, the Board of Liquor Control revoked relator's D-5 permit under the following order:

"Journal Entry.   Docket No. 479
                  Case No. 5539
STATE OF OHIO)
FRANKLIN COUNTY) SS.
PHIL GUTTER    )
              33 North Third Street
              Columbus, Ohio
Before the Board of Liquor Control

This matter came on to be heard after due notice to Phil Gutter, 289 E. Main Street, Columbus, Ohio, as required by law upon the order of the Director. of the Department of Liquor Control to show cause why Permit (D-5) 10010 heretofore issued to the said Phil Gutter by the Department of Liquor Control should not be revoked for violation by the said permit holder of the provisions of §6064-22 and §6064-25 GC.

The Board finds from the evidence that on August 23, 1941, the said permit holder permitted his agent or employee, a waitress, to sell and serve beer to one Carl Pitts who was then and there in an intoxicated condition; that shortly thereafter officers of the Columbus Police Department entered the aforesaid permit premises and placed the said Carl Pitts under arrest on a charge of intoxication, and on August 25, 1941, the said Carl Pitts plead guilty to the said charge and was fined the sum of $5.00 and costs; that the operation of the said place of business was not up to standard in that on September 6, 1941, between the hours of 9:00 P. M. and midnight waitresses solicited customers therein to purchase drinks for them and one begged the said customers for money; that one of the said customers accused the latter waitress of taking some of his change and placing it in her bank,

whereupon the bartender in the permit premises ejected the customer and threatened to kill him; and that during the said argument a glass was thrown which cut another customer; the foregoing acts having been in violation of law and policies of the Department of Liquor Control with reference to the operation of places of business licensed by the said Department.

It is therefore ordered and adjudged that Permit (D-5) 10010 be, and the same is REVOKED, effective September 27, 1941.

BOARD OF LIQUOR CONTROL
State of Ohio
(Signed) Harry E. Hawley, Chairman.
Lowell C. Bodey, Member."

It at once appears that the writ of mandamus as issued can not stand for the reason that the same had expired by operation of law on January 1, 1942. On a previous date counsel for relator submitted a motion to dismiss appellants' appeal for the claimed reason that the question was moot, i. e., on the theory that following the appeal in our Court the D-5 permit had expired by operation of law.

This motion was overruled and in our opinion we stated that the permit had expired before the journalizing of the judgment of the trial court. We further stated that we recognized the principle that no court could issue a reinstatement of the D-5 permit after its expiration date, but that there were other questions involved which require a determination as to whether or not the Board of Liquor Control wrongfully revoked said permit. At this time the relator is not represented by counsel.

On May 12th he addressed a letter to our Court requesting that the case be determined as it now stands, at the earliest date possible. Counsel for respondent files brief and at the same time consents that the case may be determined upon the record, oral argument waived. We do have before us the brief of relator's counsel, which was filed in the trial court and is now attached to the transcript of the docket and journal entries. Mr. Gutter also presents in his letter some notation of authorities which we have examined.

Counsel for all parties and the trial court recognize that a writ of mandamus is an extraordinary remedy, not to take the place of proceedings in error, nor to be granted except where the right is clear. The right to issue and revoke liquor permits is exclusively within the jurisdiction of the Board of Liquor Control without right of review and may not be disturbed on mandamus, except for exercise in violation of law or wherein there is gross abuse of discretion. The sections of the Liquor Control Act relative to revocation of permits is §6064-25 as effective August 14, 1941. This section reads as follows:

"Section 6064-25.—SUSPENSION, REVOCATION OR CANCELLATION OF PERMIT. The Board of Liquor Control may suspend or revoke any permit issued pursuant to the Liquor Control Act for the violation of any of the applicable restrictions of this act, or of any lawful rule or regulation of the board or other sufficient cause, and for the following causes: (1) In case of conviction of a holder or of his agent or employe for violating any of the penal provisions of this act or for a felony. (2) For making any false material statement in an application for a permit. (3) For assigning, transferring or pledging a permit contrary to the rules and regulations

of the board of liquor control adopted pursuant to this act. (4) For selling or promising to sell beer or intoxicating liquor to a wholesale or retail dealer who is not the holder of a proper permit at the time of the sale or promise. (5) For failure or default of the holder of a permit to pay an excise tax or any part thereof together with any penalties imposed, by or under the provisions of the law relating thereto and for violation of any rules or regulations of the Tax Commission of Ohio, in pursuance thereof."

The Board shall cancel permits pursuant to the Liquor Control Act:

"(1) When required to do so by the provisions of §6064-37 GC, excepting as otherwise provided in the rules and regulations of the Department relative to the transfer of permits, in the event of the death or bankruptcy of the holder thereof, the making of an assignment for the benefit of the creditors of the holders thereof, or the appointment of a receiver of the property of such permit holder."

**Section 6064-22,** among other provisions, contains the following:

"(2). No sales shall be made to an intoxicated person."

Other sections provide penalties for violations. There can be no question that the ▓▓▓▓▓ ▇ Liquor Control Board had a right to revoke permits for making sales to an intoxicated person. The question involved in the instant case is one of fact as to whether or not sales were made to an intoxicated person. The trial court determined as his premise that under this branch of the complaint it was not only necessary to determine that the sale was made to an intoxicated person, but further that the person making the sale knew at the time the sale was made that the purchaser was in fact intoxicated. In support of this principle the trial court cites Crabtree v Ohio, 30 Oh St 382. This was a criminal action in which the defendant below had been charged with unlawful sale of intoxicating liquor to one Frederick Stuchfield, knowing him to be a person in the habit of getting intoxicated. The criminal statute involved specifically provided as an element of the crime knowledge that the person to whom the intoxicating liquor was sold was in the habit of getting intoxicated. We are inclined to think that the trial court's announcement is too broad. It will be observed that the statute, under the Control Act, merely provides: "No sales shall be made to an intoxicated person." For many years it has been a controverted question as to when a person is intoxicated. Different courts have determined different standards. We think it a fair statement to say that the person claimed to be intoxicated must be ▓▓▓▓▓ ▇ so far under the influence that his conduct and demeanor are not up to standard. We also think it would be fair to say that such conduct or demeanor should be reasonably discernible to a person of ordinary experience; at least, as applicable to this case.

The trial court analyzed the evidence and arrived at the conclusion that there was not sufficient proof of intoxication to warrant the conclusion that the customer was intoxicated and known to be such by the person making the sale. We recognize that under the evidence different minds might arrive at different conclusions, but

we are unable to say that the Liquor Control Board was not warranted in its finding.

The second proposition in the complaint turned upon the trial court's construction of §6064-25 GC. Inadvertently, the trial court was construing the section as it appears in the bound volume of the General Code and failed to note that the same had been amended, effective August 14, · 1941. The amendment specifically covers the very question on which the Court predicated his conclusion, that the words "other sufficient cause" refer to the five numbered provisions following. In the ▮▮▮▮▮▮▮ ▮ amendment following the words, "or other sufficient cause" are· added, "and for the following causes". Then follow the five separately numbered provisions.

The words, "and for the following causes" necessarily provide that "the following causes" are separate and independent from the earlier provision, "or other sufficient cause."

The query naturally arises as to whether or not "other sufficient cause", when not found in the statute or in the rules and regulations can under the Constitution permit the Board to consider complaints not so authorized.

The second branch of the complaint in the instant case is not authorized under any statutory enactment or under any rules and regulations. If unconstitutional it would be due to the fact that it is beyond the power of the Liquor Control Board to consider. As far as we are able to find, no Ohio Courts have passed on this "other sufficient cause" provision of the statute. We are referred to two Pennsylvania cases, both of which had under consideration this identical question.

In the case of Aquilani's License,

32 D. & C., 348, a District Court determined that such a provision was authorized and was not unconstitutional:

"The operation of a licensed restaurant in a noisy, improper and disorderly manner is not a violation of any provision of the act, nor a violation of any law of this Commonwealth relating to liquor. Regulations of the board were not offered in evidence, and so no violation thereof was proved. It is thus apparent that the only statutory authorization for the board's action is contained in the clause 'or upon any other sufficient cause shown.' Licensee contends, however, that it is unconstitutional, as an improper delegation of legislative authority, for the board to have or to exercise the power of suspending or revoking a license for any act other than a violation of the liquor laws or published regulations made in advance by the board."

Syllabi 1 and 2 read as follows:

"1. The Pennsylvania Liquor Control Board may, under Section 410 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, suspend or revoke a license, not only for a violation of the liquor laws, but also 'upon any other sufficient cause shown', and the operation of a licensed establishment in a noisy, improper, and disorderly manner constitutes such cause.

"2. Section 410 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, is not unconstitutional as containing an improper delegation of the legislative power in so far as it authorizes the Liquor Control Board to suspend or revoke a license upon sufficient cause shown other than a violation of the liquor laws or published

regulations made in advance by the board."

In the case of Commonwealth v Lyons, 142 Pa. Sup. Ct., 54, the Superior Court upheld the "other sufficient cause" portion of the Pennsylvania Liquor Control Act, in the following statement:

"The purpose of the Pennsylvania Liquor Control Act is, inter alia, not to give the licensee a vested or irrevocable license, but rather to preserve and protect the public welfare. If the appellant had violated any liquor law, on or off the licensed premises, no doubt would exist as to the board's right to revoke the license, but the act expressly states that that is not the only cause for which the board may take such action. It may do so 'upon any other sufficient cause shown'. Those words mean something. They cannot be ignored or deleted. Obviously, they are placed in the statute for a definite purpose. They signify that the legislature intended to give the board a certain supervisory power over the conduct of a licensee after a license has been granted."

The case of **State ex rel Zugravu v O'Brien, et al., 130 Oh St 23,** is interesting, wherein it determines that a license permit is not a property right in the constitutional sense, and that its existence or termination are controlled by the same legislative act, and constitutes a mere permission to engage in the liquor business which may be revoked in the prescribed legislative manner.

The evidence relative to the second branch of the complaint in some particulars presents a stronger picture of objectionable operation, where as in other particulars the supporting evidence is rather weak. For instance, the branch of the complaint relating to the customer's altercation with the waitress and the subsequent throwing of the glass rather emphasizes the misconduct of the customer, although the bartender could very properly have been more diplomatic in his handling of the situation and probably have pacified the customer to the point that he would not have thrown the glass. The evidence of waitresses fraternizing with customers, taking a seat by them in their booths and asking them to buy drinks, or give them tips, was unbecoming conduct and not calculated to promote good morals. Girl waitresses in habitually following this line of conduct could not well retain their self-respect. In a measure it follows the methods of the women of bad repute who sometimes frequent places where liquor is dispensed.

Conceding to the Liquor Control Board the exclusive right to determine what action it will take upon complaints unless arbitrarily exercised or in an abuse of discretion, we are constrained to the view that the trial Court was in error in issuing the writ of mandamus.

The judgment of the Court will be reversed and costs in our Court will be adjudged against the appellee.

Cause remanded for collection of costs and other proceedings according to law.

GEIGER, PJ., & HORNBECK, J., concur.