The STATE of Ohio, Appellee,

v.

GRAVES, Appellant.

[Cite as State v. Graves, 173 Ohio App.3d 526, 2007-Ohio-4904.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–07–005.

Decided Sept. 21, 2007.

Russell Leffler, Huron County Prosecuting Attorney, and Richard R. Woodruff, Assistant Prosecuting Attorney, for appellee.

Curtis J. Koch, for appellant.

Singer, Judge.

{¶ 1} Appellant appeals his conviction for drug possession entered on a no-contest plea in the Huron County Court of Common Pleas. Because we conclude that the trial court erred in denying appellant's motion to suppress evidence, we reverse.

{¶ 2} On March 30, 2006, at approximately 2:30 a.m., an informant tipped Norwalk police that a man named Brett had a large bag of marijuana in his possession. The informant told a patrol officer that she and the man had "partied" together at a bar. According to the informant, after leaving the bar, the man followed her to her apartment located in downtown Norwalk. The informant described Brett as a heavyset black man wearing a Hilfiger shirt.

{¶ 3} The patrol officer notified his watch supervisor, a captain of the Norwalk Police department. The two officers went to the informant's apartment in separate cruisers. Upon approaching the informant's apartment, they found a heavyset black man wearing a Hilfiger shirt; he stood on the sidewalk, alone, in front of informant's apartment. He had a strong odor of alcohol on his breath, his speech was slurred, and his movements were slow and deliberate. In later testimony, the patrol officer described the man, appellant, Brett Graves, as excitable and his movements as "weeble wobble." The officers agreed that he appeared highly intoxicated.

{¶ 4} Shortly after the officers' initial confrontation with appellant, they decided to arrest him for disorderly conduct/public intoxication. The officers searched appellant incident to the arrest. At the suppression hearing, the patrol officer testified, "As we were patting him down, I noticed [a] protruding bulge in the front of his pants in the groin area. I asked him what it was; and the male immediately responded, so I smoke weed; it's my weed; I smoke weed; he just kept saying, I smoke weed, I smoke weed he must have repeated it six, seven times." The captain seized a bag of marijuana from appellant's pants.

{¶ 5} On June 2, 2006, appellant was indicted on one count of possession of drugs. Appellant pleaded not guilty and moved to suppress all evidence on the grounds that the evidence was seized incident to an improper arrest. The trial court denied appellant's motion. Appellant then amended his plea to no contest to one count of possession of drugs, was found guilty, and was sentenced to six months' incarceration.

{¶ 6} Appellant now appeals the trial court's denial of his motion to suppress, setting forth the following single assignment of error:

{¶ 7} "I. The Common Pleas Court erred by not suppressing the evidence gathered as a result of the arrest of the Defendant, which arrest was without

probable cause and therefore, in violation of his Fourth Amendment right against unreasonable searches and seizures."

{¶ 8} An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills* (1992) 62 Ohio St.3d 357, 366, 582 N.E.2d 972; *State v. Hopfer* (1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321. As a result, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. An appellate court must then independently determine without deference to the trial court's legal conclusions whether, as a matter of law, evidence should be suppressed. *State v. Russell* (1998), 127 Ohio App.3d 414, 416, 713 N.E.2d 56; *State v. Klein* (1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141.

{¶ 9} The search incident to appellant's arrest for public intoxication produced marijuana and his admission that marijuana belonged to him. This evidence was the foundation for his arrest for drug possession.

{¶ 10} The Fourth Amendment to the United States Constitution provides for "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The state bears the burden of establishing that a warrantless search, which is per se unreasonable, is nevertheless reasonable pursuant to one or more exceptions to the Fourth Amendment's warrant requirement. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus.

{¶ 11} A search incident to arrest is an exception to the general rule that warrantless searches are per se unreasonable. *State v. Mims*, 6th Dist. No. OT–05–030, 2006-Ohio-862, 2006 WL 456766, ¶ 23. Nevertheless, police may conduct a search of the arrestee's person incident only to a *lawful* arrest. *State v. Dillon*, 10th Dist. No. 04AP–1211, 2005-Ohio-4124, 2005 WL 1910749, ¶ 31. Evidence obtained as a result of an illegal arrest is inadmissible at trial. *State v. Henderson* (1990), 51 Ohio St.3d 54, 56, 554 N.E.2d 104, citing *Wong Sun v. United States* (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

{¶ 12} Here, the determinative issue is whether the Norwalk Police Department had probable cause to arrest appellant under the Norwalk disorderly conduct ordinance, Norwalk Codified Ordinance 509.3(b)(2). If appellant's arrest under the ordinance lacked probable cause, the evidence seized during the search incident to his arrest must be suppressed.

{¶ 13} Probable cause to conduct a warrantless arrest exists when police have, at the moment of arrest, knowledge of facts and circumstances grounded in reasonably trustworthy information to warrant a belief by a prudent person that an offense has been committed by the person to be arrested. *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142.

{¶ 14} Norwalk Codified Ordinance 509.3(b)(2) is identical to R.C. 2917.11(B)(2). The ordinance provides:

{¶ 15} "* * *

{¶ 16} "(b) No person, while voluntarily intoxicated, shall do either of the following:

{¶ 17} "* * *

{¶ 18} "(2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another."

{¶ 19} Appellant does not challenge that he was voluntarily intoxicated. Rather, appellant asserts he did not create a risk of physical harm to himself or another by standing on the sidewalk outside of the informant's apartment.

{¶ 20} The 1974 Committee Comment to Am.Sub.H.B. No. 511 states: "It is a violation if [the offender] imbibes too much and, while in public or with others, becomes offensively noisy, coarse, or aggressive, or becomes uncontrollably nauseated between the entrée and dessert. It is also a violation if, when alone and drunk or under the influence of drugs, he attempts a tightrope act on a bridge parapet or curls up to sleep in a doorway in freezing weather."

{¶ 21} The law focuses, not on the drunken state of the accused but rather upon his conduct while drunk. *State v. Pennington* (Nov. 16, 1998), 5th Dist. No. 1998CA00137, 1998 WL 818632. The law requires some affirmative behavior on the part of the defendant and does not prohibit merely being intoxicated. *State v. Jenkins* (Mar. 31, 1998), 6th Dist. No. L–97–1303, 1998 WL 161190; *State v. Parks* (1990), 56 Ohio App.3d 8, 10–11, 564 N.E.2d 747.

{¶ 22} In *Pennington*, the Fifth District Court of Appeals concluded that although Pennington was voluntarily intoxicated, he did not put himself at risk of harm. The court held that running through a bad neighborhood at 2:30 a.m. was insufficient to sustain a conviction under R.C. 2917.11(B)(2).

{¶ 23} In the present matter, appellant argues that he was either standing or walking, that he had not fallen to the ground. and that he was not curled up in a doorway. The state argues that the arrest was proper based on testimony that appellant was highly intoxicated and that "it was 2:30 A.M., it was quite chilly outside and appellant was located in the downtown area." The facts of this case are similar to the facts in *State v. Pennington;* however, appellant was only

standing or walking. In addition, the surrounding streets were empty, appellant did not attempt to run, and at no time did appellant venture into the street.

{¶ 24} "Risk" is statutorily defined as "a significant possibility as contrasted with a remote possibility, that a certain result may occur or that certain circumstances exist." R.C. 2901.01(A)(7). We find no allegation of affirmative conduct that put appellant at risk of harm. We are not persuaded that the "chilly temperature" coupled with the other facts presented is sufficient to create a risk within the meaning of R.C. 2917.11(B)(2). The committee comment states that an intoxicated person will be in violation if he "curls up to sleep in a doorway in freezing weather." At the time of arrest, there was no evidence that appellant was nearly asleep. Further, there was nothing of record to suggest that the temperature could put appellant at risk of harm. Any harm to appellant was merely a remote possibility and not within the meaning of R.C 2917.11(B)(2).

{¶ 25} Consequently, police lacked probable cause to arrest appellant because appellant was only standing or walking on the sidewalk. Appellant did not create a risk of harm to himself. The seizure of evidence incidently to appellant's unlawful arrest was in violation of his Fourth Amendment right against unreasonable searches and seizures, and the evidence should be suppressed.

{¶ 26} Accordingly, appellant's sole assignment of error is well taken.

{¶ 27} On consideration whereof, the judgment of the Huron County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal are awarded to Huron County.

Judgment reversed.

PIETRYKOWSKI, P.J., and HANDWORK, J., concur.