[Cite as *State v. Plues*, 2012-Ohio-2519.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 11-COA-038 |
| HAROLD W. PLUES | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland Municipal Court,
Case No. 11-CRB-390 AB

JUDGMENT:     Possession of a Schedule IV Substance
Conviction Reversed and the Charge
Ordered Dismissed

DATE OF JUDGMENT ENTRY:     June 5, 2012

APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

RICHARD P. WOLFE II     JOSEPH P. KEARNS, JR.
Director of Law     Mason, Mason & Kearns
1213 E. Main St.     Post Office Box 345
Ashland, Ohio 44805     153 West Main Street
    Ashland, Ohio 44805

*Hoffman, J.*

{¶1} Defendant-appellant Harold W. Plues appeals the September 2, 2011 Judgment Entry entered by the Ashland Municipal Court, which found him guilty of possession of a controlled substance. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 28, 2011, Ashland City Police were dispatched to the residence at 9 Thomas Court, Ashland, Ohio, in response to a possible domestic disturbance. Officers Jeremy Jarvis and Brian Kunzen separately arrived at the scene. Upon their arrival, the officers heard arguing and yelling from the upstairs of the residence. A young girl answered the door. The officers ordered the individuals, whom were subsequently identified as Appellant and Leslie Johnson, his girlfriend, to come downstairs. Officer Kunzen stated Appellant was carrying a bag of possessions as he walked down the stairs. Officer Jarvis spoke with Johnson, and Officer Kunzen stepped outside with Appellant.

{¶3} During their conversation, Appellant advised Officer Kunzen he had been drinking that evening. Officer Kunzen "observed several cues as well." Transcript of Suppression Hearing at 16. Appellant was not forthcoming with the details of the argument between himself and Johnson. Although Johnson acknowledged there had been violence, arguing, and fighting, she would not cooperate with pressing charges. Officer Kunzen arrested Appellant for disorderly conduct. After handcuffing Appellant, the officer conducted a pat down search and found one diazepam pill. Appellant informed Officer Kunzen he did not have a prescription for diazepam. Appellant was subsequently charged with possession of a controlled substance.

{¶4} Appellant filed a motion to suppress. The trial court conducted a hearing on the motion on July 25, 2011. Via Judgment Entry filed July 26, 2011, the trial court overruled Appellant's motion. The trial court found the officers had probable cause to arrest Appellant and the questions posed by the officers to Appellant regarding the pill were not asked to obtain a confession, but rather to determine the status of the pill. Thereafter, Appellant appeared before the trial court and entered a plea of no contest to the charge. The trial court accepted the plea, found Appellant guilty, and sentenced him accordingly.

{¶5} It is from this conviction and sentence Appellant appeals, raising the following as error:

{¶6} "I. THE TRAIL [SIC] COURT ERRED IN FINDING THAT THE PHYSICAL ARREST OF THE APPELLANT WAS PROPER."

I

{¶7} Appellant argues his physical arrest was improper because the offense was a minor misdemeanor and his behavior did not fall within any of the four exceptions set forth in R.C. 2935.26(A), which would warrant an arrest.

{¶8} In *State v. Brown,* 99 Ohio St.3d 323, 2003–Ohio–3931, 792 N.E.2d 175, the Ohio Supreme Court held the Ohio Constitution provides a greater protection than the Fourth Amendment against warrantless arrests for minor misdemeanors. Police officers may briefly detain, but may not conduct a custodial arrest, or a search incident to that arrest, for a minor-misdemeanor offense when none of the R.C. 2935.26 exceptions apply. *Id.* at ¶ 25.

{¶9} R.C. 2935.26(A) provides:

{¶10} "Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:

{¶11} 1) The offender requires medical care or is unable to provide for his own safety.

{¶12} 2) The offender cannot or will not offer satisfactory evidence of his identity.

{¶13} 3) The offender refuses to sign the citation.

{¶14} 4) The offender has previously been issued a citation for the commission of that misdemeanor and has failed to do one of the following: * * * "

{¶15} Officers Jarvis and Kunzen based Appellant's arrest on the fact he was "unable to provide for his own safety." Officer Jarvis testified, upon his initial contact with Appellant, Appellant "seemed to be intoxicated". Officer Jarvis added "at that point" Appellant's condition was such that he would not have let Appellant drive. Officer Jarvis recalled Appellant coming downstairs as he entered the residence. The officer could not say whether Appellant had any difficulty walking down the stairs as he was focused on making sure Appellant did not have anything in his hands. Officer Jarvis stated Appellant obeyed his instructions to remain on the porch and speak with Officer Kunzen.

{¶16} Officer Kunzen testified, when he arrived at the residence, he heard arguing and yelling coming from upstairs. During their conversation, Appellant told Officer Kunzen he had been drinking alcohol that evening. The officer added he "had observed several cues as well." Officer Kunzen stated he and Appellant had a

conversation about Appellant's ability to drive home due to his intoxicated state. Officer Kunzen indicated Appellant did not live in close proximity to Johnson's home. He further testified he "made the determination that [Appellant] was not able to care for himself due to his violent, turbulent behavior we witnessed when we were there." Transcript of Suppression Hearing at 18.

{¶17} We find this evidence insufficient to support the trial court's conclusion the police had probable cause to believe Appellant, in his intoxicated state, was not able to care for himself, justifying his arrest pursuant to R.C. 2935.26(A)(1). For a more detailed discussion of this Court's analysis of that statute see, *State v. Waters*, 181 Ohio App. 3d 424, 2009-Ohio-1338 at ¶28-33.

{¶18} Appellant's sole assignment of error is sustained.

{¶19} Appellant's conviction on the possession of a schedule IV substance is reversed and that charge ordered dismissed.

By: Hoffman, J.

Delaney, P.J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HAROLD W. PLUES | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-COA-038 |

For the reason stated in our accompanying Opinion, Appellant's conviction by the Ashland County Court of Common Pleas on possession of a schedule IV substance is reversed and that charge ordered dismissed.  Costs to Appellee.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ John W. Wise_____
HON. JOHN W. WISE