[Cite as *State v. Munion*, 2012-Ohio-4963.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA3476 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JUSTIN L. MUNION, | : | |
| | : | **RELEASED 10/23/12** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Bryan Scott Hicks, Lebanon, Ohio, for appellant.

Michael L. Jones, Portsmouth City Solicitor, and Rebecca L. Bennett, Portsmouth Assistant City Solicitor, Portsmouth, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Following a bench trial, the trial court orally found Justin Munion guilty of speeding and street racing in violation of Portsmouth City Ordinances.  On appeal, he complains that his conviction for street racing is against the manifest weight of the evidence.  But because the trial court failed to dispose of the speeding charge in its Entry of Sentence or other entry, part of the case remains pending and there is no final, appealable order.  Accordingly, we dismiss the appeal because we lack jurisdiction to consider it.

I.  Facts

{¶2}    The City of Portsmouth charged Munion by traffic citation with one count of speeding, a violation of Portsmouth City Ordinance 333.03, and one count of street racing, a violation of Ordinance 333.07.  The city apparently charged Curtis Hall, the person Munion allegedly raced, with the same offenses.  Munion and Hall had a joint

bench trial, and the court orally found them guilty of the charged offenses and sentenced them. Subsequently in Munion's case the court issued an Entry of Sentence, which stated that it found him guilty of "DRAG RACING" – presumably the street racing charge – and stated his sentence for that offense. However, this entry makes no mention of the speeding offense. This appeal followed.

## II. Assignment of Error

{¶3} Munion assigns one error for our review: "THE CONVICTION FOR STREET RACING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## III. No Final, Appealable Order Exists

{¶4} Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Ohio Constitution, Article IV, Section 3(B)(2). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Eddie v. Saunders*, 4th Dist. No. 07CA7, 2008-Ohio-4755, ¶ 11. If the parties do not raise the jurisdictional issue, we must raise it sua sponte. *State v. Locke*, 4th Dist. No. 11 CA3409, 2011-Ohio-5596, ¶ 4.

{¶5} The trial court orally found Munion guilty of speeding and street racing and imposed sentences for both charges. However, a court speaks through its journal entries, not its oral pronouncements. *State v. Marcum*, 4th Dist. Nos. 11CA8 & 11CA10, 2012-Ohio-572, ¶ 6. In its Entry of Sentence, the court addressed the street racing charge but did not address the speeding charge – the court did not state that it

found him guilty of that offense or state his sentence.  Nor did that entry or any other entry in the record reflect a dismissal of that charge.

{¶6}    To create a final order, the trial court needs to issue one entry as the final judgment of conviction that sets forth the fact of conviction and sentence for all the charges the court found Munion guilty of, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk.  *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.  When a judgment does not dispose of all pending citations charged in a traffic citation, no final appealable order exists.  *See Locke* at ¶ 6.  Because the trial court has not resolved the speeding citation, no final appealable order exists and we do not have jurisdiction to review the case.  *Id.*  Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opnion.

For the Court

BY: _____
    William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**