[Cite as *State v. Miller*, 2013-Ohio-691.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA4 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| DAVID R. MILLER, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 02/07/13** |

_____
APPEARANCES:

William D. Conley, Gallipolis, Ohio, for Appellant.

Adam R. Salisbury, Gallipolis City Solicitor, Gallipolis, Ohio, for Appellee.
_____

McFarland, P.J.:

{¶1} David R. Miller appeals his convictions in the Gallipolis Municipal Court for disorderly conduct, in violation of R.C. 2917.11(A)(2), and resisting arrest, in violation of R.C. 2921.33(A). Appellant contends: (1) he was arrested for disorderly conduct without reasonable cause or basis; (2) because there was no basis for his arrest for disorderly conduct, the trial court committed prejudicial error in finding him guilty of resisting arrest; and, (3) the trial court committed prejudicial error in finding him guilty of disorderly conduct. After reviewing the record, we affirm the trial court's

judgment as to the first and second assignments of error. We dismiss Appellant's third assignment of error for lack of a final appealable order.

FACTS

{¶2} On January 6, 2012, Patrolman Adam Barrett and Deputy Richard Harrison were dispatched to Appellant David R. Miller's home upon report of a possible suicide. After knocking on the door and receiving no response, the officers made entry. Upon entering the residence, the officers discovered Appellant passed out in his bedroom doorway. Appellant appeared to be highly intoxicated and was stripped down to his underwear. No one else appeared to be home to take care of him. Patrolman Barrett noticed Appellant's entire body emanated the odor of alcohol. After the officers awakened Appellant, his eyes were very glassy. He was staring and unable to focus. He was somewhat unstable when he walked and overall, appeared extremely impaired. The officers determined Appellant was unable to care for himself.

{¶ 3} Deputy Harrison told Appellant he was going to be under arrest. Appellant said "No" and tried to push through Deputy Harrison. Appellant began flailing his arms and continued to resist. Eventually the officers had to carry Appellant outside, one under each arm, as Appellant refused to walk under his own power.

**{¶ 4}**  Appellant was subsequently charged with disorderly conduct and resisting arrest.  The matter came on for a bench trial on March 15, 2012. Appellant's version of the evening's events was that he called 911 because he thought he needed a squad. He crawled to the door to unlock it because he could not stand up.   He agreed on cross-examination he could not provide medical attention to himself at the time he made the call. The next thing he recalled was looking up and seeing a couple of officers talking to each other.  He could not recall anything they may have said to him or requests made.  He did not recall being disorderly.  His last memory of the incident was waking up in the hospital emergency room.

**{¶ 5}**  Appellant was found guilty on both charges.  He now appeals.

ASSIGNMENTS OF ERROR

I.    THE DEFENDANT-APPELLANT WAS ARRESTED WITHOUT REASONABLE CAUSE OR BASIS.

II.   WHERE THERE IS INSUFFICIENT BASIS FOR ARREST, THERE CAN BE NO CONVICTION FOR RESISTING ARREST, AND THEREFORE, THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING APPELLANT GUILTY OF RESISTING ARREST.

III.  THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING APPELLANT GUILTY OF DISORDERLY AFTER WARNING IN VIOLATION OF OHIO REVISED CODE 2917.11.

ASSIGNMENT OF ERROR ONE

{¶ 6} Appellant argues he was arrested without reasonable cause or basis. The substance of his argument seems to be Appellant cannot be arrested in his own home where he had a right to be. Appellant also contends the officers did not exercise professional judgment in determining Appellant's condition posed a risk of harm to himself. We disagree.

A. STANDARD OF REVIEW

{¶ 7} The Fourth Amendment to the United States Constitution protects individuals against unreasonable governmental searches and seizures. See, e. g., *Delaware v. Prouse,* 440 U.S. 648, 662, 99 S. Ct. 1391, 1400 (1979). "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are, per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357, 88 S. Ct. 507 (1967); *State v. Riley,* 4th Dist. No. 00CA044, 2001-Ohio-2487, 2001 WL 688540 (June 12, 2001).

{¶ 8} The Supreme Court of Ohio in *State v. Applegate,* 68 Ohio St.3d 348, 626 N.E.2 942 (1994), at 944, has held that "[a] warrantless police entry into a private residence is not unlawful if made upon exigent circumstances, a 'specifically established and well-delineated exception' to

the search warrant requirement. *Katz v. United States,* 389 U.S. 347, 357, 88

S. Ct. 507, 514 (1967). 'The need to protect or preserve *350 life or avoid

serious injury is justification for what would be otherwise illegal absent an

exigency or emergency.'" *Mincey v. Arizona,* 437 U.S. 385, 392-393, 98 S.

Ct. 2408, quoting *Wayne v. United States* (C.A.D.C. 1963), 318 F. 2d 205,

212, certiorari denied (1963), 375 U.S. 650, 84 S. Ct. 125.  In *Wayne,* then

federal Court of Appeals Judge Warren Burger explained the reasoning

behind the exigent circumstances exception:

> "[T]he business of policemen and firemen is to act, not to
> speculate or mediate on whether the report is correct.  People
> could well die in emergencies if police tried to act with calm
> deliberation of the judicial process." *Wayne* at 212.

A warrantless search must be "strictly circumscribed by the exigencies

which justify its initiation." *Terry v. Ohio,* 392 U.S. 1, 26, 88 S. Ct. 1868

(1968).

{¶ 9}  In *State v. Brown,* 99 Ohio St. 3d 323, 2003-Ohio-3931, 792

N.E. 2d 175, the Supreme Court of Ohio held that the Ohio Constitution

provides a greater protection than the Fourth Amendment against

warrantless arrests for minor misdemeanors. *State v. Plues,* 11th Dist. No.

11-COA-038, 2012-Ohio-2519, ¶ 8.  Police officers may briefly detain, but

may not conduct a custodial arrest, or a search incident to that arrest, for a

minor-misdemeanor offense when none of the R.C. 2935.26 exceptions

apply. *Plues*, supra at 8; *Brown,* supra at 25, 792 N.E.2d 175. R.C.

2935.26(A) provides:

> "Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:
>
> > 1) The offender requires medical care or is unable to provide for his own safety.
> >
> > 2) The offender cannot or will not offer satisfactory evidence of his identity.
> >
> > 3) The offender refused to sign the citation.
> >
> > 4) The offender has previously been issued a citation for the commission of that misdemeanor and has failed to do one of the following: * * *."

## B. LEGAL ANALYSIS

{¶ 10} In this case, the officers' warrantless entry into Appellant's home was justified by their reasonable belief that it was necessary to investigate an emergency. Appellant had placed a 911 call that was dispatched to them as a "possible suicide." After knocking at Appellant's door, they received no response. The officers' actions were prudent and reasonable.

{¶ 11} Once inside, the officers encountered an individual who was passed out and appeared highly intoxicated. In rousing Appellant, the

officers observed he had glassy eyes and the inability to focus. The officers determined Appellant was unable to care for himself and there was no one at the home to do so. The duty to arrest a person for disorderly conduct while intoxicated is necessarily discretionary. *Knapp v. Gurish,* 44 Ohio App. 3d 58, 541 N.E.2d 121 (8th Dist. 1989). R.C. 2917.11 (B)(2) requires that a police officer assess the condition of the intoxicated person and determine whether his condition poses a risk of harm to himself or others. *Knapp,* at 58. This assessment requires an exercise of professional judgment that is essential to the proper implementation of the statute. *Id.* at 58. In *State v. Napier,* 2nd Dist. No. 09CA0002, 2010-Ohio-563, 2010 WL 580988, ¶ 15, the court held:

" Addressing the issue of intoxication in the context of the Liquor Control Act, which prohibits sales of liquor to intoxicated individuals, the Franklin County Court of Appeals wrote:

> 'For many years it has been a controverted question as to when a person is intoxicated. Different courts have determined different standards. We think it a fair statement to say that the person claimed to be intoxicated must be so far under the influence that his conduct and demeanor are not up to standard. We also think it would be fair to say that such conduct or demeanor should be reasonably discernible to a person of ordinary experience; at least as applicable to this case.' *State ex rel. Gutter v. Hawley,* 44 N.E.2d 815, 819 (1942)."

{¶ 12}  In the 2917.11(B)(2) cases, once intoxication has been determined, an officer must assess the risk of harm. Here, the parties stipulated at trial Patrolman Barrett was at all times acting as a duly qualified peace officer.  Although his background and experience were not offered into evidence, the *Napier* case cited above acknowledges a person of ordinary experience can reasonably discern another individual's intoxication. 2901.01(A)(7) defines "risk" as a "significant possibility, as contrasted with a remote possibility, that  a certain result may occur, or that certain circumstances may exist." *Westlake v. Majercak,* 8th Dist. No. 95123, 2011-Ohio-2261, 2011 WL 1797265, ¶ 10.

{¶ 13}  The 1974 Committee Comment to Am. Sub. H.B. No. 522 states: "It is a violation if [the offender] imbibes too much and, while in public or with others, becomes offensively noisy, coarse, or aggressive, or becomes uncontrollably nauseated between the entrée and dessert.  It is a violation if, when alone and drunk or under the influence of drugs, he attempts a tightrope act on a bridge parapet or curls up to sleep in a doorway in freezing weather."  *State v. Graves,* 173 Ohio App. 3d 526, 2007-Ohio-4904, 879 N.E. 2d 239 at ¶ 20.  *Macerjak*, at ¶ 10, also referenced the above committee note:

> "Former law merely prohibited being found in a state of intoxication, *whereas this section is aimed at particular*

*conduct rather than at the condition.* Thus, it is not a violation of this section for a person to get drunk and pass out in his own home, provided he doesn't unreasonably offend others or pose a danger to himself or another person."

{¶ 14} We disagree with Appellant's contentions that he could not be arrested in his own home and the officers did not exercise professional discretion in determining he was intoxicated and a risk of harm to himself. R.C. 2917.11 does not restrict where a violation may be committed. Moreover, Officer Barrett articulated at trial the factors considered in determining Appellant was intoxicated and specifically testified the grounds for arrest were Appellant's "being intoxicated and unable to care for himself." The committee comment referenced above noted it was a violation to "curl up to sleep on a doorway in freezing weather." R.C. 2935.26(A)(1) authorizes arrest for a misdemeanor when the offender requires medical care or is unable to provide for his own safety. Here, the officers were dispatched to a "possible suicide." The inference can be made that Appellant, passed out and smelling strongly of alcohol, had already attempted suicide. The trial court cited alcohol poisoning as a possible concern in this case. The officers reasonably exercised professional judgment in arresting Appellant and initiating the chain of events which led to his waking up in the hospital emergency room.

{¶ 15} We also note the weight of evidence and credibility of witnesses are issues to be decided by the trier of fact. *State v. Dye,* 82 Ohio St. 3d 323, 329, 695 N.E.2d 763 (1998); *State v. Frazier,* 73Ohio St. 3d 323, 339, 652 N.E.2d 1000 (1995); *State v. Williams,* 73 Ohio St. 3d 153, 165, 652 N.E. 2d 721 (1995); *State v. Vance,* 4th Dist. No. 03CA27, 2004-Ohio-5370, 2004 WL 2260498, ¶ 9. As such, the trier of fact is free to believe all, part or none of the testimony of each witness who appears before it. See *State v. Long*, 127 Ohio App.3d 328, 335, 713 N.E. 2d 1 (4th Dist.1998); *State v. Nichols*, 85 Ohio App.3d 65, 76, 619 N.E.2d 80 (4th Dist.1993); *State v. Harriston,* 63 Ohio App.3d 58, 63, 577 N.E.2d 1144 (8th Dist.1989); *Vance,* ¶ 9. We also acknowledge that the trier of fact is in a much better position than an appellate court to view witnesses and observe their demeanor, gestures and voice inflections, and to use those observations to weigh the credibility of the testimony. See *Myers v. Garson,* 66 Ohio St. 3d 615, 614 N.E. 2d 742 (1993); *Seasons Coal Co. v. Cleveland,* 10 Ohio St. 3d 77, 80, 461 N.E. 2d 1273 (1984); *Vance*, ¶ 9. In this matter, the trial court also did not err by finding Officer Barrett's testimony credible, and the officers' judgment reasonable, especially in light of the fact Appellant could remember very little about the incident.

{¶ 16} For the foregoing reasons, we find the there was a reasonable basis for Appellant's arrest. As such, we overrule Appellant's first assignment of error.

ASSIGNMENT OF ERROR TWO

{¶ 17} In his second assignment of error, Appellant argues where there is insufficient basis for an arrest, there can be no conviction for resisting arrest, and therefore, the trial court committed prejudicial error in finding Appellant guilty of resisting arrest. R.C. 2921.33, resisting arrest, provides:

> (A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another.

{¶ 18} In *State v. Paglia* , 62 Ohio Misc. 7, 403 N.E.2d 1216 (C.P.1979), the court stated: "R.C. 2921.33 specifically refers to a 'lawful' arrest. This does not require that the defendant be proved guilty of the offense for which he is arrested, but it does require that the arresting officer have probable cause to believe that defendant's conduct for which the arrest was made amounted to an offense. *Coffel v. Taylor*, 8 Ohio Op.3d 253, (D.C.S.D. Ohio 1978)." *Id.* 62 Ohio Misc. at 10, 403 N.E.2d at 1218. See *Warren v. Patrone,* 75 Ohio App.3d 595, 600 N.E.2d 344 (11th Dist. 1991).

{¶ 19}  Inasmuch as we have already determined there was a reasonable basis for believing Appellant's intoxication created a risk of harm to himself, and for the subsequent arrest, we also find Appellant's arrest was lawful. As such, we affirm the trial court's decision and overrule the second assignment of error.

ASSIGNMENT OF ERROR THREE

{¶ 20}  Appellant next argues the trial court committed prejudicial error in finding Appellant guilty of disorderly conduct after warning in violation of R.C. 2917.11. However, because the record reveals the disorderly conduct charge was not made part of the final sentencing entry, the entry purporting to dispose of this charge is not final and appealable.  As such, we are without jurisdiction to review this assignment of error.

{¶ 21}  "Ohio courts of appeals possess jurisdiction to review the final orders of inferior courts within their district." *Portco Inc. v. Eye Specialists, Inc.,* 173 Ohio App.3d 108, 2007-Ohio-4403, 877 N.E.2d 709, at ¶ 8, citing Section 3(B)(2), Article IV, Ohio Constitution and R.C. 2501.02. If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *State v. Munion*, 4th Dist. No. 12CA3476, 2012-Ohio-4963, ¶ 5, citing *Eddie v. Saunders,* 4th Dist. No. 07CA7, 2008-Ohio-4755, ¶ 11.  If the parties do not raise the jurisdictional

issue, we must raise it sua sponte. *Munion,* supra, citing *State v. Locke,* 4th Dist. No. 11CA3409, 2011-Ohio-5596, ¶4.

{¶ 22} In the present matter, there is no sentencing entry for the disorderly conduct charge. The disorderly conduct charge was filed as "Gallipolis Municipal Court case number 12 CRB 28B." The resisting arrest charge was filed as case number "12 CRB 28A." The record does not reveal the cases were ever consolidated. There is a sentence entry dated March 29, 2012 for the resisting arrest charge, but none for the disorderly conduct charge.

{¶ 23} To create a final order, the trial court needs to issue one entry as the final judgment of conviction that sets forth the fact of conviction and sentence for both charges, along with the judge's signature and the time stamp indicating the entry upon the journal by the clerk. See *Munion,* supra at ¶ 6; *State v. Lester,* 130 Ohio St. 3d 303, 2011-Ohio-5204, 958 N.E.2d 142,(2011), paragraph one of the syllabus. Here, because there is no sentencing entry for the disorderly conduct charge, we are without jurisdiction to review the third assignment of error. As such, we must dismiss it.

**JUDGMENT AFFIRMED IN PART AND DISMISSED IN PART.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED IN PART AND DISMISSED IN PART.  Costs herein are to be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J. & Harsha J:  Concur in Judgment and Opinion.


For the Court,

BY:    _____
                Matthew W. McFarland
                Presiding Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**